IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAUDIA MCCLAIN, #918232          *
        Plaintiff,
    v.                                        *      CIVIL ACTION NO. JFM-09-3053

BRENDA SHELL, et al.              *
        Defendants.
                                             ***

MEMORANDUM

Plaintiff, who is confined at the Maryland Correctional Institution for Women ("MCI-W") in Jessup, Maryland, filed a complaint alleging that in November of 2008 her cell was searched and personal property was broken and destroyed by Correctional Officer Craig Davis, who also used vulgar and offensive language. She states that she complained about Davis's actions and, as a result, she has been subject to daily harassment by Lieutenant Bridget Dailey-Davis, who is the wife of the correctional officer. Plaintiff complains that Lieutenant Dailey-Davis has retaliated against her by placing her on lock up on more than one occasion, fabricating reports, and denying her medical treatment. ECF No. 1. She further claims that Warden Shell has been made aware of the abuses, but has failed to take action to protect her. Finally, plaintiff claims that Security Chief Briscoe has retaliated against her for the filing administrative remedies by terminating her from her job without cause. *Id*.

On January 29, 2010, plaintiff filed her court-ordered supplement. ECF No. 7. She complains that in January of 2009, Lt. Dailey-Davis had her housed with an inmate that was a known threat to her; subsequently placed her in a protective custody isolation cell without clothes or bedding; and indicated that she would tamper with her food. Plaintiff asserts that she became sick, was refused access to medical treatment, passed out, and was taken to the medical unit where she

remained for two weeks. She further acknowledges that she is housed in the mental health unit and that her psychological issues, i.e., voices in her head, are directly traceable to the stress she has experienced from the actions of defendants. ECF No. 7. Plaintiff requests a temporary restraining order and monetary damages.

On September 20, 2010, defendants filed a motion for summary judgment, which remains unopposed as of the within signature date.[1] ECF No. 20. The motion may be decided without oral hearing. *See* Local Rule 105.6. (D. Md. 2010).

Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d

---

[1] On September 20, 2010, notice of defendants' dispositive filing was sent to plaintiff pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Affording the *pro* se complaint a generous interpretation, plaintiff has raised claims relating to property destruction, verbal harassment, retaliation, loss of job, denial of medical care, and unconstitutional conditions of confinement. Each claim shall be examined *seriatim*.

Analysis

According to the unopposed record Plaintiff was received at MCI-W on June 27, 2001 and is currently housed on disciplinary segregation. She has epilepsy and a history of seizure disorder. In addition, defendants contend that she has psychological problems which include behavior and mood disorders, depression, and attempts of self-harm, which involve ingesting foreign objects such as batteries. ECF No. 20 at Exs. 2 & 3.

To the extent that plaintiff claims that her property was destroyed during a cell search, she has failed to state a constitutional claim. In the case of lost or stolen property, sufficient due process

3

is afforded an inmate if she has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]

Further, verbal harassment is not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment). Plaintiff's naked assertions that MCI-W staff used foul language and harassed her do not constitute colorable constitutional claims and are subject to dismissal.

Moreover, while retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), plaintiff "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision..." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). There is no factual support in the record or complaint that defendants' actions were grounded in retaliatory animus. Rather, plaintiff has raised the claim in a conclusory manner and the unopposed materials

---

[2] Plaintiff may seek relief through the Maryland's Tort Claims Act and the Inmate Grievance Office.

[3] *Juncker* relied on *Parratt* dismissing a plaintiff's due process claims. Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

before the court show that defendants had neutral-fact-based reasons for placing her on protective custody, citing her with adjustment infractions, and removing her from the MCI-W Sewing Shop.

Plaintiff also raises a bald assertion that Dailey-Davis denied her medical care in January of 2009. The medical record submitted to the court belies this claim and shows that plaintiff has received continuous medical monitoring for her epilepsy, gastro esophageal reflux, and ingestion of hazardous products. In addition, she has received extensive psychological treatment and medication from prison staff for her mood disorders, acts of self-harm, and suicidal ideation. ECF No. 20, Ex. 2, pgs. 1-59; Ex. 3, pgs. 1-141. No Eighth Amendment violation has been demonstrated. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Deliberate indifference in the context of a prisoner failure-to-protect claim requires that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir. 2004); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Plaintiff's failure to protect claim also fails as she has not provided any factual particulars showing that she was in danger of being harmed when placed in a protective custody cell at MCI-W.

Finally, to demonstrate that the conditions of her protective custody cell confinement violated her Eighth Amendment rights, plaintiff must establish that she was knowingly deprived of the "minimal civilized measure of life's necessities." *See Hadix v. Johnson,* 367 F.3d 513, 525-26 (6th Cir. 2004). Only extreme deprivations are adequate to satisfy the object component of an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Such deprivations may be demonstrated by producing evidence of a serious or significant physical injury resulting from the

5

challenged conditions, *see Strickler*, 989 F. 2d at 1380-81; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997), or by demonstrating a substantial risk of serious harm resulting from the unwilling exposure to the challenged conditions. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The key in determining whether prison conditions become cruel and unusual is to examine the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981). Plaintiff's conditions of confinement claim fails to meet the aforementioned standard. The court observes that plaintiff has not factually discussed how the conditions of the protective custody cell deprived her of a civilized need or caused her injury.[4]

## Conclusion

For the aforementioned reasons defendants' unopposed motion for summary judgment is granted and judgment shall be entered in favor of defendants and against plaintiff. A separate order effecting the rulings made in this opinion is entered herewith.


Date: November 9, 2010                             /s/
                                            J. Frederick Motz
                                            United States District Judge

---

[4] There is no showing that plaintiff's limited confinement in the protective custody cell exacerbated her mental health conditions or caused her physical injury.